UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY PATRICK MANKINI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANCEEN REA, et al.,<br><br>　　　　Defendants. | No.  2:14-cv-0679 KJN P<br><br><br>ORDER |

Plaintiff, who is incarcerated at the Solano County Jail, has filed an application to proceed in forma pauperis and a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the jurisdiction of the magistrate judge for all purposes.  28 U.S.C. § 636(c); Local Rule 305(a).  (See Dkt. No. 4.)

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  A complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of a claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957));

Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  Moreover, "[a] district court may deny leave to amend when amendment would be futile."  Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013).

The complaint names as defendants two social workers and the Solano County Child Welfare Services agency, against whom plaintiff challenges the termination of his parental rights.  Plaintiff asserts that defendants' "reckless, false claims against me constituted libel, slander, public humiliation, and extreme emotional distress."  (ECF No. 1 at 3.)  Plaintiff seeks damages, a printed public apology, reprimand and demotion of the social workers.  (Id.)  Plaintiff states that he has not pursued any administrative remedies, but that "this is my only form of a grievance in this matter."  (Id. at 2.)

Plaintiff's claims – libel, slander and emotional distress -- are clearly grounded in state law.  Moreover, all matters concerning domestic relations, including issues of child custody, are delegated exclusively to the state courts.  Elk Grove Unified School District v. Newdow, 542 U.S. 1, 12 (2004).  Any constitutional claims premised on such matters are also within the exclusive jurisdiction of the state courts.  Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam) (federal abstention); Coats v. Woods, 819 F.2d 236, 237 (9th Cir.), cert. denied, 484 U.S. 802 (1987) (same).

For these reasons, the undersigned finds that the complaint fails to state a claim upon which a federal court can grant relief, and that amendment of the complaint would therefore be futile.  In addition, in deference to plaintiff's limited finances, the court will deny without prejudice plaintiff's in forma pauperis application and will not assess a filing fee at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is denied without prejudice; and

2. This action is dismissed.

Dated:  April 2, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mank0679.scrn.child.cust.